UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. PORTER, | ) CV F 01-6302 SMS |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION |
| v. | ) TO RECONSIDER STRIKING HIS MOTION |
| | ) WITHOUT PREJUDICE TO REFILING AND |
| SECRETARY OF THE NAVY, | ) RENOTICING THE MOTION IN |
| | ) CONFORMITY WITH THE RULES OF |
| Defendants. | ) COURT (DOCS. 121, 123) |
| | ) |
| | ) ORDER DIRECTING THE CLERK TO |
| | ) UPDATE THE DOCKET REGARDING |
| | ) PLAINTIFF'S PRO SE STATUS, |
| | ) ADDRESS, AND TELEPHONE |

    Plaintiff proceeded with counsel in this Court with an action pursuant to Title VII for damages and equitable and injunctive relief concerning alleged employment discrimination; judgment was entered on January 11, 2005, and was affirmed by the Ninth Circuit Court of Appeals. The appellate court's mandate issued on or about May 21, 2007.

    On December 27, 2007, Plaintiff filed a motion to obtain constitutional right to due process and uphold separation of powers, which addresses the propriety of garnishment of Plaintiff's wages by Defendant and of the underlying obligation of Plaintiff to pay costs incurred by Defendant in the action.

1

1    On January 4, 2008, the Court by minute order terminated and
2 ordered stricken from the record Plaintiff's motion because
3 Plaintiff had filed the motion pro se, whereas this Court's
4 docket reflected that Plaintiff was still represented by his
5 trial counsel. On January 4, 2008, the minute order was served by
6 mail on Plaintiff.
7    On January 17, 2008, Plaintiff filed a document that was in
8 the form of a letter and in which Plaintiff requested that this
9 Court accept his motion because his counsel had withdrawn at the
10 appellate level; the motion was docketed as a motion for
11 reconsideration. Attached to the letter was a copy of a
12 substitution of counsel addressed to the Clerk of the Ninth
13 Circuit Court of Appeal in which Plaintiff substituted in pro se
14 in place of his counsel. The letter did not contain any
15 documentation of the Ninth Circuit Court of Appeals' action taken
16 in connection with the substitution. However, the Court takes
17 note of the docket of the Ninth Circuit Court of Appeals, which
18 reflects that the representation of Plaintiff's counsel
19 terminated on or about April 10, 2007, the date on which the
20 substitution was signed. Thus, Plaintiff has established that he
21 properly proceeds as his own counsel.
22    However, at the time Plaintiff filed his motion, the docket
23 of this Court still reflected representation of Plaintiff by his
24 trial counsel.
25    I. <u>Directions to Clerk to Update the Docket</u>
26    The Clerk of this Court IS DIRECTED to update this docket of
27 this Court to reflect that Plaintiff is proceeding pro se, and
28 that his address and telephone number are as noted on his motion,

namely, 200 Moyer Street, Sp. B-20, Ridgecrest, California 93555, telephone (760) 375-8693.

Plaintiff IS INFORMED Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court informed of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

II. Request to Accept Motion, or for Reconsideration

With respect to Plaintiff's request to the Court to consider his motion as pending, the Court notes that in connection with Plaintiff's motion, Plaintiff failed to set a hearing date. Local Rule 78-230(b) provides that except as otherwise provided in the rules or as ordered or allowed by the Court, all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge. Because the motion was not noticed on the calendar, it is not pending before the Court.

Therefore, Plaintiff's request for reconsideration, or request that this Court accept his motion, IS DENIED. This denial is without prejudice to Plaintiff's serving and refiling the motion and noticing it on the Court's calendar.

IT IS SO ORDERED.

**Dated:   March 18, 2008**              **/s/ Sandra M. Snyder**
                                     UNITED STATES MAGISTRATE JUDGE

3