UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. PORTER,<br><br>            Plaintiff,<br>      v.<br><br>SECRETARY OF THE NAVY,<br><br>            Defendants. | 1:01-cv-6302-SMS<br><br>ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTION REGARDING CONSTITUTIONAL RIGHTS (DOC. 129)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO ORDER TO APPEAR FOR EXAMINATION (DOC. 131) |

   Plaintiff proceeded with counsel in this Court with an action pursuant to Title VII for damages and equitable and injunctive relief concerning alleged employment discrimination; judgment for Defendant was entered on January 11, 2005, and was affirmed by the Ninth Circuit Court of Appeals. The appellate court's mandate issued on or about May 21, 2007. Plaintiff now proceeds pro se in connection with efforts on the part of the Defendant to collection of the amount of costs taxed against Plaintiff.

   I. Taxing of Costs

   On December 8, 2008, Plaintiff served and filed a motion concerning Defendant's attempts to recover costs that was

1

entitled, "Motion to Obtain Constitutional Right to Due Process and Uphold Separation of Powers." (Doc. 129.) Defendant filed opposition on December 29, 2008. Plaintiff filed a reply on January 9, 2009. **By separate order, the hearing on the motion has been vacated, and the matter has been submitted to the Court.**

        A. <u>Defendant's Entitlement to Costs in this Court</u>

Fed. R. Civ. P. 54(d)(1) provides in substance that unless a federal statute, the rules, or a court order provides otherwise, then costs, other than attorney's fees, should be allowed to the prevailing party.

Title 42 U.S.C. § 2000e-5(k) provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

Thus, pursuant to the rules and the pertinent provision of Title VII, a prevailing defendant is entitled to costs; when the United States is a prevailing defendant, it is entitled to costs except for a reasonable attorney's fee.

Plaintiff incorrectly contends that costs should not be awarded to a prevailing defendant in a Title VII action unless the action is frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. This is the standard for awarding <u>attorney's fees</u> to a prevailing defendant in a Title VII action. <u>Christiansburg Garment Co. v. E.E.O.C.</u>, 434 U.S. 412, 417, 421 (1978). However, there is no express statutory provision for applying <u>Christiansburg</u> to awards of <u>costs</u>; rather, an award of costs is made in the Court's

discretion and is reviewed for abuse of discretion. National Organization for Women v. Bank of California, Nat. Ass'n, 680 F.2d 1291, 1294 (9th Cir. 1982).[1]

Plaintiff further argues that there is no court judgment awarding any costs against him, and that he had no notice of any judgment awarding him costs.

The Court's docket reflects that pursuant to Defendant's bill of costs, costs were taxed against Plaintiff in the amount of $1,313.60 on February 7, 2005.

With respect to the need for a judgment, Fed. R. Civ. P. 54(d)(1) permits the taxing of costs on one day's notice. The rule contemplates that in the first instance, application is generally made to the Clerk of the Court rather than to the judge; a request for costs "does not imply a change in the judgment" previously rendered, but "merely seeks what is due because of the judgment. Buchanan v. Stanships, Inc., 485 U.S. 265, 267-68 (1988). A judge might not consider the issue of costs at all unless a losing party makes a timely motion for judicial review pursuant to Rule 54(d). Id. Title 28 U.S.C. § 1920(1) expressly provides that a judge or clerk of any court of the United States may tax as costs specified items, including fees of a court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.

As to Plaintiff's notice of the costs award, the docket reflects that judgment was entered on January 11, 2005, in favor of Defendant. (Doc. 102.) Defendant submitted an itemized bill of

---

[1] The Court notes that pursuant to 28 U.S.C. § 2412, costs may generally be awarded to the United States or any agency or official thereof.

3

1  costs with attached statements on January 20, 2005, within the
2  ten-day time limit for filing a cost bill under Local Rule 54-
3  292(b); Defendant served the bill by mail on Elaine Wallace,
4  Plaintiff's counsel, at the address for listed on the docket for
5  her, on the same date. No objections to the bill were filed.
6  Pursuant to Local Rule 54-292(d), on February 7, 2005, the Clerk
7  proceeded to tax costs in the amount of $1,313.60, consisting of
8  fees for the court reporter's transcript services. (Doc. 104.)
9  The document taxing costs was served on Plaintiff's counsel
10 through the Court's electronic filing system.
11     There is no indication that any objection to the cost bill
12 was filed by Plaintiff or by anyone else on his behalf.
13     With respect to the costs incurred in litigating the case in
14 this Court, Rule 54(d)(1) provides that the Court may review a
15 cost award upon motion served within five days after the Clerk
16 has taxed costs. It is established that a failure to object in a
17 timely fashion to a bill of costs pursuant to Rule 54(d)(1)
18 constitutes a waiver of any objections. Walker v. California, 200
19 F.3d 624, 626 (9th Cir. 1999). Plaintiff will be deemed to have
20 waived any objections to the bill of costs incurred in this
21 Court.
22          B. Costs Taxed in the Appellate Court
23     The judgment rendered by the Court of Appeals was filed and
24 entered on February 26, 2007. (Doc. 115 p. 1.) It expressly
25 reflected affirmance of this Court's judgment, and it
26 specifically provided, "Costs taxed." (Doc. 115 p. 1.) After the
27 affirmance of the judgment on appeal was entered, Defendant
28 proceeded to file a bill of costs with the appellate court on

4

March 2, 2007, within fourteen days of entry of the judgment as required by Fed. R. App. Proc. 39(d)(1) and Circuit Rule 39-1. (Doc. 115 at 2.) Defendant sought $152.20 for the costs of excerpts of record and the Appellee's brief. Such costs are appropriate pursuant to 28 U.S.C. § 1920(4), providing for fees for exemplification and copies of papers necessarily obtained for use in the case. See also, Circuit Rule 39-1.3 (specifying the rate for photocopies of documents). Costs in the amount of $152.50 were taxed on May 21, 2007. (Doc. 115 p. 3.) The bill of costs was served by Defendant on Plaintiff's counsel on March 1, 2007, properly addressed and via Federal Express. (Id. p. 6.)

Plaintiff failed to file any objection to the bill of costs, and no party has established that the Court of Appeals extended time for service of objections. Fed. R. App. Proc. 39(d)(2) requires that objections to a bill of costs "must be filed" within ten days after service of the bill of costs, unless the court extends the time.

Records from the Court of Appeals were served by Plaintiff on Brian Enos, counsel for Defendant, by mail on April 10, 2007.[2] These records reflect that as of April 10, 2007, Plaintiff was substituted pro se in place of his counsel in the proceeding pending before the Court of Appeals.

With respect to the costs assessed in the Court of Appeals, Fed. R. App. Proc. 39(a)(2) provides that if, as in this case, a

---

[2] These records were served and submitted in connection with an earlier motion concerning Plaintiff's costs obligation that Plaintiff brought after he received notice of the government's application for writ of garnishment and related documents. The motion was stricken and thus was not heard on the merits because it was not set for a hearing. In connection with a motion for reconsideration, the Court also took notice of the Court of Appeals' docket of Plaintiff's appeal, which reflected that representation of Plaintiff by his counsel at trial and on appeal terminated on or about April 10, 2007, the date upon which the substitution of counsel was signed. (Doc. 124 p. 2.)

5

judgment is affirmed, then costs are taxed against the appellant. Fed. R. App. Proc. 39(b) provides that costs for or against the United States, is agency, or officer will be assessed under Rule 39(a) only if authorized by law. As previously discussed, in actions of this type, costs are authorized to be awarded to a prevailing defendant.

Here, no response or objection to the bill of costs filed in the appellate court was filed during the pertinent time period. Further, during that period, which extended to March 11, 2007, Plaintiff was continuously represented by his counsel of record.

In view of the documentation existing in the Court's file, the Court concludes that Plaintiff had legally sufficient notice, by way of service on the attorney who was then his counsel of record, of the filing of the bills of costs and of the taxing of costs. Plaintiff failed to file any objections to the taxing of costs in either court. The Court concludes that no violation of due process has been shown.

II. <u>Wage Garnishment</u>

Documents in the Court's file reflect that an application for continuing writ of garnishment was filed on November 28, 2007. (Doc. 116.) A writ of garnishment and notice and instructions to the judgment debtor concerning wage garnishment were filed on November 28, 2007. (Doc. 118.) A certificate of service of the writ, notice and instructions, claim for exemption, request for hearing, objections to the answer of the garnishee, blank financial statement, and proposed acknowledgment of service and answer of garnishee were served on garnishee Jacobs Technology and on Plaintiff, the judgment debtor, by

6

certified mail at the correct address on November 29, 2007. (Docs. 116-120.) Plaintiff admits having received notice of the wage garnishment. (Doc. 129, p. 3, ll. 17-18.) Further, Plaintiff admits that he believed that a hearing on wage garnishment was premature because he believed that he had not received due process with respect to the Defendant's bill of costs. Thus, Plaintiff was not deprived of a hearing; rather, he failed to avail himself of a hearing.

Plaintiff argues that the notice of wage garnishment was issued without due process of law preceding its issuance. The Court has analyzed the pre-garnishment proceedings above and has found that Plaintiff was given adequate notice with respect to Defendant's bills of costs and of the taxing of costs.

Plaintiff argues that the Court's clerk lacks the authority to issue writs of garnishment. However, Defendant proceeded pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., which states that it provides the exclusive civil procedures for the United States to recover a judgment on a debt. 28 U.S.C. § 3001(a)(1). Section 3205(c)(1) provides that the Court shall issue a writ of garnishment upon determining that the statute's requirements are satisfied; further, 28 U.S.C. § 1691 expressly provides that all writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof.

Reference to the papers filed in this Court by Defendant in connection with the application for writ of garnishment filed on November 28, 2007, reflect that in compliance with 28 U.S.C. § 3205(b), Defendant's application included Plaintiff's name,

7

social security number, address, nature and amount of the debt, the making of a demand for payment of the debt upon Plaintiff more than thirty days before the date of the application,[3] and a statement that the garnishee-employer was believed to owe then or in the future non-exempt wages to Plaintiff. (Doc. 116 pp. 1-2.)

They further reflect that in compliance with § 3205(c)(2), the form of the writ correctly reflected the nature and amount of the debt, any cost and interest owed with respect to the debt, the name and address of the garnishee and of counsel for the United States, the last-known address of the judgment debtor, an instruction that the garnishee should answer the writ within ten days of service thereof, and directions that the garnishee should withhold and retain any property in which the debtor had a substantial nonexempt interest and for which the garnishee was or might become indebted to the judgment debtor pending further order of the Court. (Doc. 119.)

Further, the writ and related documents (notice and instructions to judgment debtor regarding wage garnishment, and proposed acknowledgment of service and answer of the garnishee) were served on the garnishee, Jacobs Technology, and on Plaintiff, by mail on November 29, 2007, in compliance with 28 U.S.C. § 3205(c)(3). (Doc. 117.) Pursuant to 28 U.S.C. § 3205(c)(3)(B), Plaintiff was given instructions for objecting to the garnishee's answer and for obtaining a hearing on the

---

[3] The declaration of Nancy Parr-Leskin, filed on November 7, 2008, specified that multiple attempts to enforce the judgment had been undertaken, including sending a demand letter to Plaintiff's counsel on March 8, 2007, and sending a notice of intent to offset the debt through the treasury offset program in June 2007, to which Plaintiff replied by a letter dated July 28, 2007, wherein Plaintiff contended that he owed no debt and knew of no civil judgment against him. (Doc. 127-2 pp. 1-2.)

8

1  objections. (Doc. 118.) On December 6, 2007, garnishee Jacobs
2  Technology filed its acknowledgment of service and answer to the
3  writ of garnishment. (Doc. 120.)

4  Plaintiff's earlier motion to obtain due process, filed on
5  December 27, 2007 (Doc. 121), was improperly noticed because no
6  hearing date was obtained or noticed. However, it clearly
7  supports an inference that Plaintiff received the notice of the
8  writ of garnishment.

9  Considering this record, the Court finds that no due process
10 violation occurred in connection with the application for,
11 issuance of, and service of the writ.

12 With respect to the continuation of the writ, Defendant
13 represents that no wages have been garnished pursuant to the
14 writ; thus, the government has not sought a dispositional order
15 pursuant to 28 U.S.C. § 3205(c)(7); further, upon satisfaction of
16 the debt by any means, the government intends to terminate the
17 writ pursuant to § 3205(c)(10).

18 Accordingly, the Court concludes that Plaintiff's due
19 process objections with respect to the writ of garnishment are
20 without merit. Further, Plaintiff's contentions concerning facts
21 assertedly pertinent to the underlying issues in this lawsuit are
22 inappropriate because judgment has been rendered. Finally, the
23 Court finds no evidence of any improper animus or intent on the
24 part of the government in connection with its attempt to collect
25 the debt owed to it by Plaintiff.

26 The Court therefore denies Plaintiff's prayer for an order
27 stating that the taxing of costs was unlawful or contrary to
28 Congressional intent, the garnishment was premature, the

Defendant is required to move to recover costs and provide a list of all other Title VII cases filed against it in federal court in which they sought costs, or directing any other relief sought by Plaintiff. (Doc. 129 pp. 7-8.)

### III. Examination of Debtor

On November 7, 2008, Defendant served on Plaintiff and filed with the Court an application for an order requiring Plaintiff as judgment debtor to appear personally before the Court or a referee thereof to furnish information to aid in the enforcement of a judgment against him pursuant to Fed. R. Civ. P. 69(a)(2). (Doc. 127.) The Court issued an order to the judgment debtor to appear for examination for enforcement of judgment and order to produce documents at examination on January 16, 2009, at 9:30 a.m.

Fed. R. Civ. P. 69(a)(1) provides that money judgments are enforceable by writs of execution; the procedure on execution and in proceedings supplementary to and in aid of judgment or execution, must accord with the procedure of the state in which the court is located, but a federal statute governs to the extent it applies. Further, Rule 69(a)(2) provides that in aid of the judgment or execution, the judgment creditor may obtain discovery from the judgment debtor, and from any person, as provided in the Rules of Federal Procedure or the procedure of the state where the court is located.

In connection with the application, Defendant submitted the declaration of Nancy Parr-Leskin, filed November 7, 2008, which reflects that although the answer of the garnishee demonstrated that Plaintiff was an employee, Parr-Leskin was later informed

that Plaintiff was a contractor who was not being utilized at that time, and thus there were no wages to garnish at that time. The debt owed by Plaintiff to Defendant thus has not been satisfied. (Doc. 127-2 ¶ 5(c).)

Parr-Leskin declared that demand letters and attempts to obtain information from the judgment debtor via written discovery requests were unsuccessful because the debtor ignored them; thus, it was necessary to have an order to him to appear for a debtor's examination and bring with him documents pertaining to his financial status. (Doc. 127-2 pp. 2-3.)

On December 22, 2008, Plaintiff filed objections to Defendant's request for an order to Plaintiff to 1) appear for examination for enforcement of judgment, and 2) produce documents at examination. On January 9, 2009, Plaintiff filed a response (reply) regarding the objections to the debtor's examination.

Some of the material in the documents submitted by Plaintiff relates to another action pending in this Court that bears case number 1:07-cv-00925-AWI-SMS. References to the other case are inappropriate in connection with the matters presently pending in this case that are before the Court.

Plaintiff's argument that it is the Defendant's burden to show that Plaintiff owes it money is incorrect. The proceeding to examine a judgment debtor does not relate to the underlying merits of the action, but rather pertains to Defendant's collection of a judgment debt which is lawfully owed to Defendant.

Plaintiff argues that the order for examination is unnecessary because in the earlier motion, which was filed on

11

1 December 27, 2007, and then stricken for improper notice, he
2 stated that he was not attempting to avoid any lawful debt that
3 he might owe and offered to lodge the amount the Defendant
4 identified as a debt with the Court. (Doc. 121 pp. 2-) In that
5 document, Plaintiff asserted that he had responded to a request
6 to pay costs and had stated that he was not aware of any judgment
7 against him awarding costs, that he had "no problem" paying any
8 "lawful debts" he might owe, that he believed that there was no
9 debt owed, and that he had not received due process regarding the
10 Defendant's claim for costs. (Doc. 121, p. 2-3, 7, 13.) The fact
11 that Plaintiff disputed the debt in July 2007 in this fashion is
12 contrary to his statement that he was and/or is willing to pay
13 the debt. The Court concludes that Plaintiff has not paid the
14 judgment debt and has not stated that he would pay it. The
15 attempts of Defendant to obtain information regarding Plaintiff's
16 financial condition have not been shown to be unnecessary.

17 Plaintiff asserts that if the Court desires it, he will
18 lodge the amount the Defendant identifies as a debt. (Doc. 129 p.
19 8.) However, Plaintiff's objections to the underlying debt and
20 the procedures undertaken to collect it are inconsistent with a
21 desire to pay the debt.

22 Plaintiff mentions the existence of an appeal bond that he
23 alleges is still in possession of the Court and states that the
24 Defendant has not addressed it. (Doc. 129 p. 4.) It does not
25 appear that it is Defendant's duty to address any bond in
26 connection with the matters pending before the Court.

27 Plaintiff claims in assertions of fact not stated to be true
28 under penalty of perjury that the Defendant requested federal

12

income tax returns of Plaintiff for the past three years, and yet Defendant already has such documents under a protective order in another case, 1:07-cv-00825-AWI-SMS. (Doc. 133, p. 3.) The Court has only the instant case before it, and the status of information obtained in other cases is not determinative.

Therefore, the Court concludes that there is no merit to Plaintiff's objections to the order providing for examination of the judgment debtor and for Plaintiff's appearance for examination of his financial status with the requested financial information and documents.

IV. <u>Disposition</u>

Accordingly, it IS ORDERED that

1) Plaintiff's post-judgment motion regarding constitutional rights IS DENIED; and

2) Plaintiff's objections to the order for examination of judgment debtor that issued from this Court on November 13, 2008, ARE OVERRULED; and

3) The examination of Plaintiff, the judgment debtor, remains scheduled for January 16, 2009, at 9:30 a.m. in Courtroom 7.

IT IS SO ORDERED.

**Dated:   January 14, 2009**          /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE

13